MYRTLE BENSON, PLAINTIFF, v. BENJAMIN A. LIPPMAN ET AL., DEFENDANTS.

Decided November 8, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Harry R. Cooper.*

*Contra, Howard Ewart.*

PER CURIAM.

The plaintiff, while riding in the car of Lippman, on the road from Maplewood to Toms River, was injured in a collision between that car and a car belonging to the defendant Stanley Gesicki, and driven by his son Joseph, the third of the defendants. She brought the present suit to recover compensation for the injuries so received, claiming that the collision was the result of the joint negligence of Lippman, who was driving the car in which she was riding, and of Joseph Gesicki. The trial resulted in a verdict in favor of Lippman, the jury exonerating him from any charge of negligence, and in favor of the plaintiff against the two Gesickis. The latter thereupon applied for and obtained the present rule.

The first ground, upon which we are asked to make the rule absolute, is based upon the refusal of the trial court to nonsuit the plaintiff as to the defendant Stanley Gesicki and also upon the refusal to direct a verdict in his favor. The motions were based upon the theory that the son Joseph was using the car for his own pleasure, and not as the agent, or employe, of his father, and that therefore the latter was not responsible for the carelessness of his son. Apparently, counsel for the defendant in making these motions overlooked the fact that certain interrogatories were submitted by the plaintiff to the two Gesickis, one of which was as follows: "At the time and place of the accident was not the said automobile operated and driven by the authority of the owner, Stanley Gesicki?" The answer to that interrogatory is, "Yes." The answer was sworn to, and of course, in view of this admission, the court was entirely justified in refusing to nonsuit or direct a verdict in favor of the defendant.

It is next contended, that the finding of the jury that the collision occurred by reason of the negligence of the defendant, Joseph Gesicki, is contrary to the clear weight of the evidence. Our examination of the proofs in the case satisfies us that this contention is without merit.

It is next contended that the verdict should be set aside, because of the fact that the proofs showed the defendant Lippman to have contributed by his own negligence to the happening of the accident, and that his negligence should be imputed to the plaintiff, because of the fact that he and she were engaged in a joint adventure. In our opinion, the testimony justified the jury in its finding that the accident was not the result of any negligence on the part of Lippman; but even if their finding had been to the contrary, that fact would have been no bar to the right of the plaintiff to recover against the two Gesickis, for the proofs demonstrate to our satisfaction that Lippman and the plaintiff were not engaged in a joint adventure, within the meaning of that expression, at the time of the collision.

Another ground for making the rule absolute is directed at a refusal to charge a request submitted by counsel for the defendants Joseph and Stanley Gesicki, the pith of which was that if the jury should find that the collision was partly due to the carelessness of Lippman, that would bar the plaintiff from a right of recovery because of the fact that she was at the time engaged with him in a joint adventure, and that his negligence would consequently be imputed to her. What we have already stated disposes of this contention.

Lastly, we are asked to set aside this verdict for alleged errors in the charge to the jury. The instructions complained of were in our opinion entirely proper and contain no erroneous statement of law.

The rule to show cause will be discharged.